**Return**

| Case No.: 3:21 MJ27 | Date and time warrant executed: 7/28/2021 | Copy of warrant and inventory left with: @ 133 Condle Court, Englewood, OH |
|---|---|---|

Inventory made in the presence of : Special Agents & TFO's of the FBI.

Inventory of the property taken and name(s) of any person(s) seized:

Please see the attached FD 597 receipt of property DTD. 7/28/2021

NOTHING FOLLOWS

JMM

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 7/28/2021

_Executing officer's signature_

Joshua M. Meadors
_Printed name and title_

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property

Case ID: CI-3369084

On (date) 7/28/2021

item(s) listed below were:
- [✓] Collected/Seized
- [ ] Received From
- [ ] Returned To
- [ ] Released To

(Name) Walter Messer

(Street Address) 133 Candle Court Englewood, OH 45322

(City)

Description of Item (s):

1. One black Samsung Phone Galaxy S7 /w case - IMEI: 351713082655804) - seized at Dayton Police Department
2. One black Samsung Phone Model # SM-G781U Serial # RFCNC07W2JV
3. One black Samsung Tablet SN# R52K60E7P.7X ImEI #359768085826880
4. One Oakley American Flag mesh hat
5. white cardboard box with Misc Ammo
6. Green Ammo box w/10 boxes of 7.62x39 Ammo
7. Multiple boxes of Misc. Ammo
8. black Northface Jacket
9. black Spider Logo Jacket

Nothing Further
DW

Received By: (Signature)

Printed Name/Title: Dustin Weakley, Special Agent

Received From: (Signature)

Printed Name/Title:

☐ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No. 3:21MJ277 |
| RESIDENCE LOCATED AT 133 CANDLE COURT, ENGLEWOOD, OH 45322 | ) ) ) | |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Southern_____ District of _____Ohio_____
*(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

**YOU ARE COMMANDED** to execute this warrant on or before _____August 8, 2021_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Sharon L. Ovington_____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of ___ *Sharon L. Ovington* _____ .

Date and time issued:   7/26/21 3:55 p.m.          _____
                                                                              *Judge's signature*

City and state:   Dayton, Ohio          Sharon L. Ovington, U.S. Magistrate Judge
                                                                    *Printed name and title*

## ATTACHMENT A

*Property to be searched*

This warrant applies to information associated with the location known as **133 Candle Court, Englewood, OH, 45322**. The residence is a single story, single family brick home, a brown shingled roof with brown shutters surrounding the windows. The residence is part of a multiple unit building. The residence has a white front door, the numbers 133 above the attached garage with a brown door. Facing the home from the street, a driveway is located on the front left of the residence.



M57 50901 0036   11/08/2018

## ATTACHMENT B

*Property to be seized*

1.     The items to be seized are fruits, evidence, information, contraband, or instrumentalities, in whatever form and however stored, relating to violations of Title 18 United States Code Section 1752(a)(1) and (2) (unlawful entry on restricted buildings or grounds); and Title 40 United States Code Section 5104(e)(2)(D) and (G) (violent entry, disorderly conduct, and other offenses on capitol grounds) (the "Target Offenses") that have been committed by Walter Messer ("the Subject") and other identified and unidentified persons, as described in the search warrant affidavit; including, but not limited to:

    a. Evidence concerning planning to unlawfully enter the U.S. Capitol, including any maps or diagrams of the building or its internal offices;

    b. Evidence concerning unlawful entry into the U.S. Capitol, including any property of the U.S. Capitol;

    c. Evidence concerning awareness of the official proceeding that was to take place at Congress on January 6, 2021, i.e., the certification process of the 2020 Presidential Election;

    d. Evidence concerning efforts to disrupt the official proceeding that was to take place at Congress on January 6, 2021, i.e., the certification process of the 2020 Presidential Election;

    e. Evidence relating to a conspiracy to illegally enter and/or occupy the U.S. Capitol Building on or about January 6, 2021;

    f. Evidence concerning the breach and unlawful entry of the United States Capitol, and any conspiracy or plan to do so, on January 6, 2021;

    g. Evidence concerning the riot and/or civil disorder at the United States Capitol on January 6, 2021;

    h. Evidence concerning the assaults of federal officers/agents and efforts to impede such federal officers/agents in the performance of their duties the United States Capitol on January 6, 2021;

i. Evidence concerning damage to, or theft of, property at the United States Capitol on January 6, 2021;

j. Evidence of any conspiracy, planning, or preparation to commit those offenses;

k. Evidence concerning efforts after the fact to conceal evidence of those offenses, or to flee prosecution for the same;

l. Evidence concerning materials, devices, or tools that were used to unlawfully enter the U.S. Capitol by deceit or by force, including weapons and elements used to breach the building or to counter efforts by law-enforcement, such as pepper spray or smoke grenades;

m. Evidence of communication devices, including speakers, closed circuit radios or walkie-talkies, that could have been used by co-conspirators to communicate during the unlawful entry into the U.S. Capitol;

n. Evidence of the state of mind of the subject and/or other co-conspirators, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, or knowledge and experience, related to the criminal activity under investigation; and

o. Evidence concerning the identity of persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated with the unlawful actors about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts.

2. Records and information that constitute evidence of identity, including but not limited to clothing or items worn or carried by the subject, to include a red, white and blue Oakley hat and a black jacket;

3. Records and information that constitute evidence of the Subject's possible affiliation with QAnon;

4. Records and information—including but not limited to documents, communications, emails, online postings, photographs, videos, calendars, itineraries, receipts, and financial statements—relating to:

   a. Any records and/or evidence revealing the Subject's presence at the January 6, 2021, riot;

   b. Any physical records, such as receipts for travel, which may serve to prove evidence of travel of to or from Washington D.C. from December of 2020 through January of 2021;

   c. The Subject's motive and intent for traveling to the U.S. Capitol on or about January 6, 2021; and

   d. The Subject's activities in and around Washington, D.C., specifically the U.S. Capitol, on or about January 6, 2021.

5. For any digital device which is capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities as described in the search warrant affidavit and above, hereinafter the "Device(s)":

   a. evidence of who used, owned, or controlled the Device(s) at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, chat, instant messaging logs, photographs, and correspondence;

   b. evidence of the attachment to the Device(s) of other storage devices or similar containers for electronic evidence;

c. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Device(s);

d. evidence of the times the Device(s) was used;

e. passwords, encryption keys, and other access devices that may be necessary to access the Device(s);

f. documentation and manuals that may be necessary to access the Device(s) or to conduct a forensic examination of the Device(s);

g. records of or information about Internet Protocol addresses used by the Device(s);

h. records of or information about the Device(s)'s Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

i. Routers, modems, and network equipment used to connect computers to the Internet.

During the execution of the search of the PREMISES described in Attachment A, law enforcement personnel are also specifically authorized to obtain on Walter Messer (but not any other individuals present at the PREMISES at the time of execution of the warrant) the compelled display of any physical biometric characteristics (such as fingerprint/thumbprint, facial characteristics, or iris display) necessary to unlock any Device(s) requiring such biometric access subject to seizure pursuant to this warrant for which law enforcement has reasonable suspicion that the aforementioned person(s)' physical biometric characteristics will unlock the Device(s), to include pressing fingers or thumbs against and/or putting a face before the sensor, or any other security feature requiring biometric recognition of:

(a) any of the Device(s) found at the PREMISES,

(b) where the Device(s) are limited to those which are capable of containing and reasonably could contain fruits, evidence, information, contraband, or

instrumentalities of the offense(s) as described in the search warrant affidavit and warrant attachments,

for the purpose of attempting to unlock the Device(s)'s security features in order to search the contents as authorized by this warrant.

While attempting to unlock the device by use of the compelled display of biometric characteristics pursuant to this warrant, law enforcement is not authorized to demand that the aforementioned person(s) state or otherwise provide the password or identify the specific biometric characteristics (including the unique finger(s) or other physical features), that may be used to unlock or access the Device(s). Nor does the warrant authorize law enforcement to use the fact that the warrant allows law enforcement to obtain the display of any biometric characteristics to compel the aforementioned person(s) to state or otherwise provide that information. However, the voluntary disclosure of such information by the aforementioned person(s) is permitted. To avoid confusion on that point, if agents in executing the warrant ask any of the aforementioned person(s) for the password to any Device(s), or to identify which biometric characteristic (including the unique finger(s) or other physical features) unlocks any Device(s), the agents will not state or otherwise imply that the warrant requires the person to provide such information, and will make clear that providing any such information is voluntary and that the person is free to refuse the request.